IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LUIS A. VEGA COLLAZO<br><br>**Plaintiff**<br><br>v<br><br>ERS HOUSING ADMINISTRATION SERVICES, INC.; MELVIN E. FONTAN LOZADA; INSURANCE COMPANIES ABC; JOHN DOE AND JANE DOE<br><br>**Defendants** | CASE NO.: 25-<br><br>RE: WILLFUL VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT |

## CLASS ACTION COMPLAINT

**TO THE HONORABLE COURT:**

**COMES NOW, LUIS A. VEGA COLLAZO**, ("Plaintiff"), on behalf of himself and, pursuant to Rule 23 of the Federal Rules of Civil Procedure, all others similarly situated, through the undersigned counsels, and before this Honorable Court respectfully **STATES, ALLEGES**, and **PRAYS** as follows:

I.     INTRODUCTION

1.     This case arises from the Defendants improper and deceptive debt collection practices in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq. Defendants wrongfully pursued collection on a debt that does not exist, relying on false, misleading, and unjustifiable claims. In its collection correspondence, the Defendants not only alleged that Plaintiff owed a debt that does not exist, but also made unlawful threats of legal action,

including the imposition of attorney's fees and costs, despite lacking any legal grounds to do so. These collection efforts, aimed at coercing payment of funds not owed, were escalated by the filing of a state court complaint against Plaintiff. All of these illegal collection efforts are causing Plaintiff financial harm, emotional distress, reputational harm and unnecessary expenses to retain legal counsel to address Defendants' improper demands. On his own behalf and on an individual basis, Plaintiff respectfully requests declaratory relief, in addition to actual, punitive, and compensatory damages arising from these violations under 15 U.S.C. § 1692.

2. Through this action, Plaintiff also seeks to hold Defendant ERS accountable for its violations of the FDCPA against Plaintiff and other similarly situated (from now on, "Class Members" and/or collectively, "Plaintiffs"). On his own behalf and on behalf of the purported Class Members, Plaintiff respectfully requests an award of actual damages, statutory damages, and attorney's fees and costs under 15 U.S.C. § 1692k to remedy the harm caused by Defendant's unlawful conduct and to deter similar violations in the future.

## II.    JURISDICTION AND VENUE

3. Jurisdiction is invoked under the provisions 28 U.S.C. §1331 and 15 U.S.C. §1692(k)(d).

4. Venue is proper in this court under 28 U.S. Code § 1391 because all the events and omissions giving rise to the claims asserted in the Complaint occurred within this judicial district.

## Ill.   THE PARTIES

5. Plaintiff, Luis A. Vega Collazo ("Vega") is a natural person and a citizen of the Commonwealth of Puerto Rico, residing in Bayamón, Puerto Rico. Plaintiff is a "consumer" as such term is defined by the FDCPA.

6. Defendant, ERS HOUSING ADMINISTRATION SERVICES, INC. ("ERS"), is a domestic corporation, registered to do business in the Commonwealth of Puerto Rico, with a

designated office address at Avenida Boulevard, J-23, Calle Myrna, Toa Baja, P.R. 00949. ERS is, as it proclaims itself, a collection agency specializing in making debt collection on behalf of home owner associations and condominiums. ERS is a debt collector as such term is defined in 15 U.S.C. §1692a(6). As it relates to this case, ERS is a debt collector wrongfully collecting a debt on behalf of Asociación de Residentes de Estancias de Rio Hondo III ("Asociación"), collection which is the object of this Complaint. As such, ERS is a proper defendant in this action.

7. Defendant Melvyn E. Fontan Lozada, ('Fontan") is an attorney at law who regularly collects or attempts to collect consumer debts on behalf of others. For example, Fontan regularly files debt collection civil actions in furtherance of his attempt to collect on behalf of others; such as his clients. Fontan operates from offices located at Toa Baja, Puerto Rico. Moreover, Defendant Fontan conducts its business through the use of interstate commerce, such as a telephone, the U.S. Postal Service and/or e-mail communications. Accordingly, Defendant Fontan is a "debt collector" as such term is defined by the FDCPA. At all times material to the allegations of this complaint, Fontan was acting as debt collector with respect to the collection of Plaintiffs alleged debt.

8. Defendants, JOHN DOE and JANE DOE are fictitious names used to identify one or more individuals whose true identities are currently unknown, but who participated in the acts and omissions, giving rise to the claims against the Plaintiffs. These individuals may include, but are not limited to, agents, employees, or representatives of the named defendants, as well as their successors, assigns, or entities acting on their behalf.

9. Defendants, INSURANCE COMPANIES ABC, are the insurance companies of Defendants ERS, Fontan, John Doe and Jane Doe, and/or any other unknown defendants in this case who are liable for the acts against Plaintiffs in violation of the FDCPA, and/or any other

applicable statutes and are therefore responsible for the damages and acts alleged in this Complaint.

IV.     **STATEMENT OF FACTS**

10.     Plaintiff re-alleges each and every previous allegation as if fully established herein.

11.     Sometime prior to November 13, 2024, Plaintiff allegedly accumulated a consumer debt (hereinafter, the "Consumer Debt") with Asociación de Residentes Estancias de Rio Hondo III, Inc. ("Asociación").

12.     The Consumer Debt is a "debt" as such term is defined by 15 U.S.C. §1692a(5) as it was incurred for personal, family, or household purposes.  Specifically, the Consumer Debt relates to the home owner association dues associated to a home purchased by the Plaintiff.

13.     The Plaintiff, as a natural person and allegedly obligated to pay a debt, is a 'Consumer' as such term is defined by 15 U.S.C. §1692a(3).

14.     Sometime on/or before November 13, 2024, Asociacion retained ERS to commence collection efforts on the alleged Consumer Debt.

15.     As of the date of the filing of this Complaint, ERS' website, at ersagency.com, confirms and declares that ERS is a debt collector; *to wit*, a collection agency.

16.     On behalf of clients, ERS regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.  In doing so, ERS utilizes the instrumentalities of interstate commerce (i.e., telephone, e-mail, texts, US Mail, etc.) to conduct the business of collecting debts.

17.      On or about the year 1997 Plaintiff Vega bought a house at Urb. Rio Hondo III, CC-37 Calle Ceibas, Bayamon, PR (the "Real Property").

18. The Real Property has never been subjected to the payment of maintenance to Asociación. Specifically, the Real Property was expressly excluded from the subdivision's real servitudes by official documents signed by Asociación on April 22, 2004. This action by Asociacion was later ratified by the Court of First Instance, Bayamon Part, in 2005.

19. Notwithstanding the above-mentioned facts, on or about February 14, 2024, ERS, by and through Mrs. Ana M. Reyes Nieves, as ERS' Client's Service Supervisor, sent Vega a collection letter in relation to the Consumer Debt. ("Collection Letter)

20. The Collection Letter had the purpose of: (1) persuade and induce Plaintiff to pay the alleged Consumer Debt; to wit, an alleged outstanding maintenance fees in the amount of $8,591.60; (2) threatening to initiate legal proceedings against the Plaintiff if the Consumer Debt was not paid; falsely alleging – amongst others - that the debt was liquid and enforceable; and (3) further threatening to collect interest, surcharges, penalties until full payment is made, as well as attorneys fees.

21. The Collection Letter was utilized to convey information regarding the Consumer Debt. As such, the Collection Letter is a "communication" as such term is defined in 15 U.S.C. §1692a(2).

22. The Collection Letter incorporates false, deceptive and misleading representations.

23. Specifically, the Collection Letter falsely claims that Plaintiff has an outstanding balance due and owed to Asociación when, in fact, Plaintiff does not owe anything to Asociación.

24. On February 17, 2025, Defendant ERS by and through Defendant Fontan filed a debt collection action in the Court of First Instance, Bayamon Part, Case Number BY2025CV00802 against Plaintiff seeking to collect the Consumer Debt as alleged in the Collection Letter (the "State Court Action").

25. Thus, through false, deceptive and unconscionable collection practices, ERS has attempted to collect the Consumer Debt – via the Collection Letter and the State Court Action - using false, deceptive, and unconscionable means.

**V. COUNT I – VIOLATION OF 15 U.S.C. § 1692 AS TO DEFENDANT ERS**

26. Plaintiff re-alleges each and every previous allegation as if fully established herein.

27. Plaintiff brings Count I on an individual basis on behalf of himself. Count I is brought against Defendant ERS.

28. ERS has violated multiple provisions of the FDCPA.

29. For example, Section 1692d of the FDCPA provides as follows: "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt... ". (emphasis ours). See, 15 U.S.C. 1692d

30. Hence, under 15 U.S.C. § 1692d, it is unlawful for a debt collector to engage in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

31. On November 13, 2024, ERS, by and through its agent, Mrs. Ana M. Reyes Nieves, as ERS Collections Client Service Supervisor, sent Plaintiff the Collection Letter threatening to initiate legal proceedings and impose legal costs, attorney's fees, and other expenses to collect the alleged Consumer Debt.

32. Similarly, on February 17, 2025, Defendant ERS by and through Defendant Fontan filed the State Court Action against Plaintiff seeking to collect the Consumer Debt as alleged in the Collection Letter.

33. Because the Consumer Debt, which was alleged as due and owing in the Collection Letter and in the State Court Action, did not exit, the threats of legal action in the Debt Collection Letter

and the actual filing of the State Court Action - on a debt that does not exist - had the natural consequence of harassing, oppressing, and abusing Plaintiff in direct violation of 15 U.S.C. § 1692d.

34. ERS further violated Section 1692d by threatening and taking legal remedies it had no lawful basis to pursue.

35. Similarly, Section 1692e of the FDCPA, in its pertinent part, states:

"A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: ….

    (2) The false representation of- …

        (A) the character, amount, or legal status of any debt; ….

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken ….

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. (emphasis ours)."

*See*, 15 U.S.C. § 1692e (2)(A), (5) and (10).

36. Additionally, it is settled law that "The FDCPA is 'a strict liability statute and, thus, there is no need for a plaintiff to plead or prove that a debt collector's misrepresentation of a debt obligation was intentional." *See*, Vangorden v. Second Round, Ltd. P'ship, 897 F.3d 433, 437-38 (2d Cir. 2018) (*citing* Arias v. Gutman, Mintz, Baker & Sonnenfeldt LLP, 875 F.3d 128, 134 (2d Cir. 2017)). "The strict liability standard applies to §1692e claims." *See*, Wahl v. Midland Credit Mgmt., Inc., 556 F.3d 643, 646 (7th Cir. 2009) (*Emphasis ours*)

37. Therefore,"[d]ebt collectors may not make false claims, period." *See*, Randolph v.IMBS, Inc., 368 F.3d 726, 730 (7th Cir. 2004); *see also*, Valle v. Westhill Exch., LLC, GJH-19-2304 (D. Md. Mar. 24, 2021) ("[A] debt collector may violate §1692e even if it unintentionally makes a

false statement."); Turner v. J.V.D.B. & Assocs., Inc., 330 F.3d 991, 995 (7th Cir. 2003) ("[U]nder §1692e ignorance is no excuse."); Russell v. Equifax A.R.S., 74 F.3d 30, 33 (2d Cir. 1996).

38. ERS' representation, in the Collection Letter and State Court Action, that Plaintiff owed $8,591.60 to Asociacion was a false representation of the character, amount, or legal status of a debt in violation of 15 U.S.C. §1692e (2)(A).

39. Specifically, the Collection Letter and the State Court Action both falsely represented that Plaintiff had a balance due of $8,591.60 with Asociación when in fact (a) no such amount was due; and (b) the alleged Consumer Debt was neither due nor owing.

40. Furthermore, Section 1692e(5) prohibits the "threat to take any action that cannot legally be taken or that is not intended to be taken." *See*, 15 U.S.C. §§ 1692(5).

41. ERS violated 15 U.S.C. § 1692e(5) by threatening to take legal action against Plaintiff in the Collection Letter, despite the alleged debt non-existence. ERS' claim that the debt was liquid, due, and enforceable was false and constituted a threat to pursue legal remedies that could not legally be taken.

42. ERS further violated 15 U.S.C. § 1692e(5) by threatening to collect legal costs, attorney's fees, and other expenses in connection with an alleged legal action. As the Consumer Debt is non-existent, ERS had no legal basis to allege having the right to pursue such remedies, rendering its threats unlawful and unenforceable also in violation of §1692e(5).

43. ERS' threats of initiating legal proceedings and collecting associated fees constituted deceptive, misleading, and unlawful conduct prohibited under 15 U.S.C. §1692e(5).

44. Section 1692e(10) of the FDCPA also prohibits the "use [of] any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer". *See*, 15 U.S.C. §l692e(l0).

45.     The allegations in ERS' Collection Letter and State Court Action incorporate false representations and deceptive means by falsely deceiving Plaintiff into the incorrect and false belief that Plaintiff still had an amount due and outstanding when, in fact, no such amount was owed or due.

46.     ERS violated Section 1692e(l0) by using false representations and/or deceptive means to collect, or attempt to collect, the Consumer Debt and/or to obtain, or attempt to obtain, information regarding the Plaintiff.

47.     Lastly, ERS violated Section1692f of the FDCPA.

48.      Section 1692f prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."  *See*, 15 U.S.C. § 1692f.

49.     ERS violated 15 U.S.C. §1692f by attempting to collect a debt that Plaintiff did not owe. Specifically, the Collection Letter and the State Court Action demanded payment of $8,591,60 for an alleged Consumer Debt that was not owed.

50.     It is inherently unfair and unconscionable to demand payment on a debt that is not owed. ERS' actions created an undue financial burden on Plaintiff, as ERS sought payment for an amount that was not legally due.

51.     ERS further violated 15 U.S.C. §1692f by threatening – in the Collection Letter – and in fact seeking – in the State Court Action - to impose legal proceedings, legal costs, attorney's fees, and other expenses in connection with the alleged Consumer Debt. Such threats were baseless and unfair and served no purpose other than to intimidate and coerce Plaintiff into paying funds that were not owed.

52. ERS' conduct represents the type of unfair and unconscionable practices that the FDCPA specifically prohibits, as it placed Plaintiff in an untenable position and created undue hardship through improper collection practices.

53. As a direct consequence of ERS' multiple violations of the FDCPA, Plaintiff has suffered tangible and intangible injuries.

54. For example, amongst Plaintiffs tangible injuries, Plaintiff suffered economic and physical damage and injuries.  Economic damages include, but are not limited to, the costs associated with Plaintiff having to retain counsel to represent him in the State Court Action filed by ERS against him.  Similarly, Plaintiff has suffered from the opportunity costs of the time and effort which have been taxed in defending the State Court Action and investigating the demands in the Collection Letter.  Additionally, the State Court Action has resulted in a reputational harm and damage to the Plaintiff's name and professional profile.  Physical damages, on the other hand, include - but are not limited to - physical tension and stress, all directly and proximately caused by ERS' actions.

55. Amongst Plaintiffs intangible injuries, Plaintiff suffered emotional damages and injuries. Emotional damages include, but are not limited to severe emotional distress, and the mental anguish which has resulted from ERS' deliberate disruption of Plaintiff's peace of mind.

56. As a result of ERS' conduct, Plaintiff is entitled to an award of actual damages and statutory damages pursuant to 15 U.S.C. §1692k to remedy the economic damages created by ERS' conduct.

57. Additionally, as a result of ERS' conduct, Plaintiff is entitled to an award of costs and attorney fees pursuant to 15 U.S.C. §1692k.

## VI.   COUNT II   - VIOLATION OF 15 U.S.C. §1692 AS TO DEFENDANT FONTAN

58. Plaintiff re-alleges each previous allegation as if fully established herein.

59. Plaintiff brings Count II on behalf of himself and on an individual basis. Plaintiff brings Count II exclusively against Defendant Fontan.

60. On February 17, 2025 Defendant ERS, by and through Defendant Fontan, filed a debt collection action at the Court of First Instance, Bayamon Part, Case Number BY2025CV00802 seeking to collect the Consumer Debt; to wit, the amount of $8,591.60 which was neither due or owing.

61. Plaintiff does not owe that alleged debt, since the debt claimed in non-existent.

62. Defendant Fontan, despite knowing and having at hand evidence of the non-existence of the debt, filed the State Court Action.

63. Fontan's filing of the State Court Action was made in connection with the collection of a consumer debt – to wit, the Consume Debt - and constitutes conduct in violation of the FDCPA.

64. Defendant Fontan violated the FDCPA by, including but not limited to:

   a. Falsely representing, in the State Court Action pleadings, the character, amount, or legal status of a debt; all in violation of 15 U.S.C. § 1692e(2)(A);

   b. Threatening to take action, and in fact taking legal action, that cannot legally be taken or that is not intended to be taken; all in violation of 15 U.S.C. § 1692e(5);

   c. Using false, deceptive, or misleading representations or means in connection with the collection of a debt – for example, falsely alleging that almost $9,000 were owed when in fact they were not - all in violation of 15 U.S.C. § 1692e;

   d. Using unfair or unconscionable means to collect or attempt to collect any debt – for example, filing a debt collection action in the Court of First Instance - all in violation of 15 U.S.C. § 1692f.

65. As a result of Fontan's violations of the FDCPA, Plaintiff has suffered actual damages, including economic and monetary damages; emotional distress, stress, anxiety, and unnecessary time and expenses.

66. As a result of Fontan's violations of the FDCPA Plaintiff is entitled to an award of actual and statutory damages pursuant to 15 U.S.C. §1692k(a)(l);

67. Plaintiff is further entitled to an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

VII. **COUNT III - SYSTEMATIC VIOLATION OF 15 U.S.C. §1692g (VALIDATION OF DEBTS) AGAINST DEFENDANT ERS**

68. In addition to the disclosures required by Section 1692g, Regulation F - effective as of November 30, 2021 - implements the FDCPA, prescribing Federal rules governing the activities of debt collectors and supplements §1692 with more explicit and detailed information that debt collectors are required to disclose in the Initial Communication. *See*, 12 C.F.R. § 1006.34(c).

69. Amongst others, the additional information which Regulation F compelled ERS to disclose includes, but is not limited to: (1) "the itemization date:" 2) "[T]he amount of the debt on the itemization date:" 3) and "an itemization of the amount of the debt reflecting interest, fees, payments, and credits since the itemization date. . .". See, § 1006.34(c)(2).

70. Itemization date means any one of the following five referenced dates for which a debt collector can ascertain the amount of the debt: 1) last statement date, 2) charge-off date, 3) last payment date, 4) transaction date, 5) judgment date. See,12 C.F.R. § 1006.34(b)(3).

71. Furthermore, Regulation F requires that the information provided in the initial communication be "clear and conspicuous" which means "readily understandable." *See*, 12 C.F.R.§ 1006.34(b)(l).

72. The Debt Collection Letter was the Initial Communication.

73. ERS violated Regulation F, specifically 12 C.F.R. § 1006.34(c), by failing to include the required "itemization date" in Debt Collection Letter sent to Plaintiff and others similarly situated.

74. ERS' violations of Regulation F harmed Plaintiff by causing them the expenditure of time and resources to consult legal counsel to understand what amounts were due, when those amounts were due and the breakdown and detail of the alleged amounts due.

75. The aforementioned violations are equally applicable to the rest of the class members, as ERS' Collection Letter is a standardized template letter which, in identical form and substance, is used uniformly by Defendant ERS in its debt collection practices.

76. By omitting the required itemization date, failing to provide an itemized breakdown of the debt, and including ambiguous language about potential additional charges, ERS systematically deprived all recipients of the clear and conspicuous information mandated under 12 C.F.R. § 1006.34, causing similar monetary damages to the members of the class.

77. As a result of ERS' violations of 12 C.F.R. § 1006.34, class members are entitled to an award of actual damages and statutory damages pursuant to 15 U.S.C. § 1692k.

78. Class members are further entitled to an award of costs and attorney's fees pursuant to 15 U.S.C. § 1692k.

## VIII. CLASS ALLEGATIONS

79. Plaintiff re-alleges each and every previous allegation as if fully established herein.

80. Plaintiff brings Count III on behalf of himself and similarly situated persons, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

81. The Class consists of:

   a. all natural persons with a Puerto Rico address;

    b. who were sent an Initial Communication in the form of the template letter described herein (the "Debt Collection Letter");

    c. on or after a date one year prior to the filing of this action; and

    d. on or before a date 30 days after the filing of this Complaint.

82. The class members are so numerous that joinder is impracticable.

83. On information and/or belief, based on the use of a standardized template letter, there are more than 1,000 natural persons with a Puerto Rico address in the class defined herein.

84. There are questions of law and fact common to all class members, which predominate over any individual issues. These predominant questions include, but are not limited to:

    a. Whether Defendant's Initial Communication is a standardized template letter;

    b. Whether Defendant's Initial Communication violated 15 U.S.C. § 1692g (a) and (b) by overshadowing or contradicting the consumer's right to dispute the debt within the thirty-day validation period through misleading language.

    c. Whether Defendant's Initial Communication violated 12 C.F.R. § 1006.34(c) by omitting the required "itemization date";

    d. Whether Defendant's Initial Communication violated 12 C.F.R. § 1006.34(c)(2) by failing to include an itemized breakdown of the debt, including interest, fees, payments, or credits applied since the itemization date;

    e. Whether Defendant's Initial Communication violated the "clear and conspicuous" standard of 12 C.F.R. § 1006.34(b)(l) by failing to provide debt-related disclosures in a manner that was readily understandable to the least sophisticated consumer;

85. Plaintiff's claims are typical of the claims of the class members. All claims arise from the same standardized Initial Communication and/or Debt Collection Letter, factual circumstances, and violations of 15 U.S.C. § 1692g and Regulation F.

86. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer protection and debt collection abuse cases, including class action litigation.

87. A class action is superior to other alternative methods of adjudicating this dispute because:

   a. Individual cases are not economically feasible for class members, as the potential recovery for each is not cost-effective and costs outweigh the potential recovery for a single claim;

   b. Many consumers may not realize their rights were violated due to the misleading and ambiguous nature of Defendant's communication; and

   c. Congress and federal regulators, including the Consumer Financial Protection Bureau ("CFPB"), intended for class actions to serve as a primary enforcement mechanism under the FDCPA and its implementing regulations, such as Regulation F.

88. Prosecuting separate actions by individual class members would create a risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant.

89. Individual adjudications would also, as a practical matter, dispose of the interests of other class members not parties to those adjudications or substantially impair or impede their ability to protect their interests.

90. Defendant has acted or refused to act on grounds generally applicable to the class, making final injunctive or declaratory relief appropriate with respect to the class as a whole.

91. Specifically, Defendant's standardized Initial Communication violates 15 U.S.C. § 1692g and Regulation F, and an injunction prohibiting Defendant from continuing to use this communication is appropriate to prevent further harm to the class members.

**WHEREFORE**, Plaintiff, on behalf of himself and all others similarly situated, respectfully requests that this Honorable Court certify the proposed Class pursuant to Rule 23 of the Federal Rules of Civil Procedure; appoint Plaintiff as the Class Representative and Plaintiff's counsels as Class Counsels; award compensatory, statutory, and punitive damages as applicable; grant injunctive or declaratory relief to prevent further unlawful conduct; order restitution and disgorgement of any ill-gotten gains; award reasonable attorneys' fees, litigation expenses, and costs; and grant such other and further relief as the Court deems just and proper.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico this 25th day of April 2025.

> **THE BATISTA LAW GROUP, PSC.**
> P.O. Box 191059
> San Juan, PR. 00919
> Telephone: (787) 620-2856
> Facsimile: (787) 777-1589
>
> /s/  Jesus E. Batista Sanchez
> Jesus E. Batista Sanchez, Esq.
> USDC-PR No. 227014
> jeb@batistasanchez.com
>
> /s/ Carlos A. Ortiz Morales
> Carlos A. Ortiz Morales, Esq.
> USDC-PR No. 120402
> comlaw@gmail.com